FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION  2016 JUL -5 PM 2:04

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

DENISE WILLIAMS

    CASE NO.: 6:16-CV-1213-ORL- 41 TBS

    Plaintiff,

v.

ORLANDO FAMILY PHYSICIANS, LLC,
a Florida limited liability company,
PREMIER HEALTH NETWORK, LLC,
a Florida limited liability company, and
JORGE L. GARCIA, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff DENISE WILLIAMS ("Plaintiff"), by and through her undersigned counsel, and for her Claims against Defendants ORLANDO FAMILY PHYSICIANS, LLC, a Florida limited liability company, PREMIER HEALTH NETWORK, LLC, a Florida limited liability company and JORGE L. GARCIA, an individual, ("Defendants"), hereby respectfully alleges as follows:

### THE PARTIES

1. Plaintiff is a natural person who resides in Seminole County, Florida.

2. Defendant ORLANDO FAMILY PHYICIANS, LLC, ("Defendant Company") is a Florida limited liability company with a principal business address in Orange County, Florida.

3. Defendant PREMIER HEALTH NETWORK, LLC is a Florida limited liability company with a principal business address in Orange County, Florida.

4. Defendant JORGE L. GARCIA is a natural person who resides in Orange County, Florida.

## JURISDICTION AND VENUE

5. This is an action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (as amended) ("FLSA").

6. Venue is appropriate in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391, as the events giving rise to Plaintiff's claims occurred in Orange County, Florida. Pursuant to Middle District Local Rule 1.02(c), venue is proper in the Orlando Division of the Middle District of Florida because the alleged acts giving rise to this claim have occurred in counties of which the Orlando Division is comprised, as set forth in Local Rule 1.02(b)(3).

## CONDITIONS PRECEDENT

7. Plaintiff meets the statutory criteria for coverage as an "employee" under the FLSA and its accompanying regulations.

8. Defendant ORLANDO FAMILY PHYSICIANS, LLC was an "employer" as that quoted term is defined under the FLSA and its accompanying regulations.

9. Defendant PREMIER HEALTH NETWORK, LLC was an "employer" as that quoted term is defined under the FLSA and its accompanying regulations.

10. Defendant JORGE L. GARCIA was an "employer" as that quoted term is defined under the FLSA and its accompanying regulations.

11. Plaintiff was employed by Defendants and the entities are "establishments" as that term is defined under the FLSA and its accompanying regulations.

12. In performing duties for Defendants, Plaintiff worked as an employee engaged in commerce within the meaning of the FLSA at 29 U.S.C. § 206(a) and §207(a)(1) and their accompanying regulations.

13. During Plaintiff's entire term of employment, Defendant Company was an "enterprise engaged in commerce or in the production of goods in commerce" as defined in the FLSA at 29 U.S.C. § 203(s)(1) and its accompanying regulations.

14. Pursuant to Fla. Stat. 448.110(6)(a), Plaintiff notified Defendants of unpaid overtime on June 21, 2016.

15. Plaintiff has complied with all other FLSA statutory prerequisites to bringing this lawsuit.

## GENERAL ALLEGATIONS

16. Defendant JORGE L. GARCIA owned and/or operated Defendant Company and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of Defendant Company. By virtue of such control and authority, JORGE L. GARCIA was an employer of Plaintiff as such term is defined by the FLSA. 29 U.S.C. §201 et seq.

17. On or around February 10, 2016, Plaintiff began working for Defendants and was assigned a work location in Orange County, Florida.

18. During Plaintiff's employment, Plaintiff was to receive $692.30 per week from Defendants as compensation for working a forty-hour workweek. Although Plaintiff worked over 40 hours per week for the Defendants, Plaintiff was not compensated for any overtime hours. On or about May 23, 2016, Plaintiff was given a raise to $769.23 per week, but was still misclassified as salary exempt.

19. Although Plaintiff was told she was a salaried employee, when Plaintiff took a day off from work her pay was reduced by 8 hours worth of regular pay.

20. Plaintiff's employment with Defendants ceased on June 21, 2016.

21. At the time Plaintiff separated from employment, she had worked approximately **one hundred seventy (170) hours of over time prior to the raise on or about May 23, 2016 and forty-six (46) hours of overtime after the raise on or about May 23, 2016 until Plaintiff's employment ceased on June 21, 2016.**

22. Plaintiff has received no additional payments or compensation from Defendants and is subsequently owed for the hours that she worked overtime without compensation.

23. Based on the above, Plaintiff is owed five thousand seven hundred thirty-nine dollars and eighty-four cents ($5,739.84) in unpaid overtime compensation.

24. Plaintiff objected to Defendants' failure to pay Plaintiff proper overtime wages. Among the responses Plaintiff received from Defendants were: "You are a salaried employee because you are the assistant."

25. Defendants' willful failure has resulted in violation of rules and/or regulations including but not limited to:

    A. Underpayment of overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (as amended) ("FLSA");

    B. Failure to withhold taxes or report taxable events in violation of the following statutes:

        (a) 26 U.S.C. §§ 3101, 3102, 3111, 3128, 3402, and 7501 (federal employer withholding obligations);

        (b) 26 U.S.C. §§ 6672, 7201, 7202, and 7203 (various federal penalties for failure to withhold);

        (c) Fla. Stat. 443.131 (requiring payment of state unemployment tax and reporting of wages) and Fla. Stat. 443.071 (2)-(4) (penalties for failure to pay and report);

    (d)    <u>Fla. Stat.</u> 440.105(4)(a)(6) and 440.381(6)(a) (requirements and penalties for understating or concealing payroll reporting under Florida Worker's Compensation Act); and

    (e)    <u>Fla. Stat.</u> 777.04 (criminalizing "attempts" to evade any lawful obligation even without successfully completing the crime).

26. Defendants responded to Plaintiff's objection by retaliating against her and terminated her employment.

27. Defendants' retaliation has caused Plaintiff to suffer damages.

28. Plaintiff has complied with all prerequisites, statutory or otherwise, to the bringing of this lawsuit.

29. Plaintiff has been forced to bear the cost of retaining counsel to seek redress to Defendants' unlawful acts.

## SPECIFIC ALLEGATIONS

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### 29 U.S.C. § 201 *et seq.* (as amended)

30. Plaintiff hereby adopts and incorporates by reference each and every allegation asserted in paragraphs 1-29 above as if set forth fully and completely herein.

31. During the course of Plaintiff's employment, Defendants misclassified Plaintiff as exempt from overtime, and failed to compensate Plaintiff for overtime hours worked.

32. Contrary to the FLSA, Defendants willfully failed to compensate Plaintiff for overtime hours worked.

33. Due to Defendants' willful failure to compensate Plaintiff for payment for overtime at the rate required by the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on this count, and award her such damages as she has sustained pursuant to the FLSA, including, but not limited to, any and all overtime wages to which she is entitled, an additional equal amount as statutory liquidated damages, all other losses sustained by her as direct result of the aforementioned FLSA violations, attorney's fees pursuant to the FLSA, court costs, interest, and all other relief that this Court may deem just and proper.

## COUNT II

### FAIR LABOR STANDARDS ACT DISCRIMINATION/RETALIATION
### Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3)

34. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs 1-33 above as though set forth fully at length herein.

35. Defendants have, with malice or reckless indifference, intentionally violated the dictates of the Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3) *as amended* by discriminating/retaliating against Plaintiff for objecting to what was, or was reasonable to believe was, Defendants' unlawful actions in failing to pay her overtime wages at a rate of time and a half for all overtime hours worked in excess of 40 hours per workweek.

36. Defendants retaliated against Plaintiff by terminating her employment and refusing to pay her for hours worked.

37. As a direct and proximate result of Defendants' retaliatory acts, Plaintiff has suffered damages, including, but not limited to, lost employment, income, distress, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on this count, and award her such damages as she has sustained and as shall appear proper pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 215(a)(3) *as amended*, including but not limited to, lost wages, liquidated damages, economic and non-economic compensatory damages, interest, attorney's fees, court costs, and all other relief that this Court may deem just and proper.

## JURY DEMAND

38. Plaintiff demands a trial by jury as to all issues and claims set forth in this Complaint.

DATED this 5th day of July, 2016.

Law Offices of Don McManus, P.L.

By: *Don McManus*

Don McManus, Esq.
Fla. Bar No. 91190
7651-A Ashley Park Court, Suite 403
Orlando, FL 32835
Voice: 407-505-5888
Facsimile: 407-536-4421
Email: donmcmanusEsq@gmail.com
ATTORNEY FOR PLAINTIFF