UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DENISE WILLIAMS,**

  **Plaintiff,**

CASE NO.: 6:16-CV-1213-ORL-41TBS

v.

**ORLANDO FAMILY PHYSICIANS, LLC,**
a Florida limited liability company,
**PREMIER HEALTH NETWORK, LLC,**
a Florida limited liability company, and
**JORGE L. GARCIA, an individual,**

  **Defendants.**
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiff, DENISE WILLIAMS ("Plaintiff"), and the Defendants, ORLANDO FAMILY PHYSICIANS, LLC, PREMIER HEALTH NETWORK, LLC, and JORGE L. GARCIA ("Defendants"), file this Joint Motion for Approval of Settlement and for Dismissal with Prejudice, and state as follows:

### PRELIMINARY STATEMENT

The Plaintiff filed a Complaint against the Defendants, pursuant to the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et. seq.*, alleging the Defendants failed to pay overtime compensation and that Plaintiff was discriminated/retaliated against by Defendants for her objections to the alleged non-payment of overtime wages. To avoid the costs and uncertainty of litigation, the parties have negotiated a settlement of all Plaintiff's claims against Defendants.

The parties now jointly request the Court review the Settlement Agreement attached hereto as Exhibit "A" and approve the terms of the settlement agreement in this matter pursuant to *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), dismiss this case with prejudice, and retain jurisdiction to enforce the terms of the parties' settlement.

## **MEMORANDUM OF LAW**

Pursuant to the case law addressing settlement of claims arising under the FLSA, there are two ways in which claims can be settled and released by employees: (1) Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor (29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)); or (2) Section 216(b) of the FLSA allows employees to settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement (*Id; see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947)).

In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354. If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

Here, the Plaintiff filed this lawsuit against Defendants alleging that Defendants violated the FLSA by failing to pay her time and one-half for work performed in excess of forty hours per week and that they discriminated/retaliated against her for her objections to the alleged non-payment of overtime wages.  Defendants have defended these claims, have maintained the Plaintiff was not entitled to the wages claimed, was paid for all wages due to her, and otherwise deny any violation of the FLSA.

This case involves contested issues of the amount of damages, if any.  Indeed, there was a genuine dispute as to the number of hours the Plaintiff worked for the Defendants, the number of overtime hours, if any, and the amount of unpaid wages, if any. Plaintiff and Defendants discussed the Plaintiff's alleged overtime hours and pay rate and formulated their own, independent proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations.  As a result, a settlement was negotiated and reached by the Parties as a reasonable compromise of the disputed issues.

In accordance with the legal principles outlined above, the Parties respectfully request that the Court approve the Parties' negotiated settlement of Plaintiffs' FLSA claims. The Parties agree that the instant adversarial action involves disputed factual and legal issues.  Further, the Parties are aware of the inherent risks in proceeding with litigation. Therefore, the Parties agree that the terms of settlement reached reflect a reasonable middle ground on the major issues in dispute, reflect a reasonable compromise of all disputed issues, and that the negotiated settlement is in the Parties' best interest.

## **CONCLUSION**

The parties have agreed to settle this dispute through the execution of a Settlement Agreement and have agreed to dismiss this case with prejudice. The settlement in the instant matter is fair and was structured in a similar manner as many FLSA settlements previously approved in this circuit. Plaintiff has had ample opportunity to evaluate the existence of any potential claims against Defendants arising any alleged violation of the laws cited to in its Release and have found none. Moreover, Defendants have agreed to pay Plaintiff additional consideration in exchange for Plaintiff's release of claims.

The Parties agree that this is a fair settlement and that it is in their collective best interests to resolve this matter, pay the settled claims, and dismiss this matter. The parties respectfully request the Court review the Settlement Agreement. The parties agree that the settlement terms represent a fair and equitable resolution of this matter in light of the contested issues in this case. Moreover, the parties stipulate as to the reasonableness of the Plaintiff's attorney's fees and costs.

For these reasons set forth above, in addition to the fact that the parties were represented by competent counsel having experience in FLSA claims, the agreement is reasonable, and this Court should approve the Settlement. The parties further request the Court retain jurisdiction to enforce the terms of the parties' Settlement Agreement.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement of the Plaintiff's claims; (2) dismissing this action with prejudice; (3) retaining jurisdiction to enforce the terms of the settlement; and (4) granting the parties such further relief as the Court deems just.

Respectfully submitted this 8th day of August, 2017.

| | |
|---|---|
| /s/ Don McManus, Esq. | /s/ Carlos J. Burruezo, Esq. |
| LAW OFFICES OF DON MCMANUS, P.L. | BURRUEZO & BURRUEZO, PLLC |
| Don McManus, Esq. | Carlos J. Burruezo, Esq. |
| Florida Bar No. 91190 | Florida Bar No. 843458 |
| 7651-A Ashley Park Court Suite 403 | 941 Lake Baldwin Lane, Suite 102 |
| Orlando, Florida 32835 | Orlando, Florida 32814 |
| 407.505.5888 (office) | 407.754.2904 (office) |
| 407.536.4421(fax) | 407.754.2905 (fax) |
| donmcmanusEsq@gmail.com | carlos@burruezolaw.com |
| | docketing@burruezolaw.com |
| | |
| Attorney for Plaintiff, | Attorneys for Defendants, |
| Denise Williams | Orlando Family Physicians, LLC |
| | Premier Health Network, LLC |
| | Jorge L. Garcia |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2017, a true and correct copy of the foregoing was filed with the U.S. District Court Middle District of Florida CM/ECF system, which will generate electronic service to:  Don McManus, Esquire, Counsel for Plaintiff, Law Office of Don McManus, P.L., 7651-A Ashley Park Court, Suite 403, Orlando, FL 32835; donmcmanusEsq@gmail.com.

/s/ Carlos J. Burruezo, Esq.
Attorney for Defendants