## SETTLEMENT AGREEMENT AND LIMITED RELEASE

THIS SETTLEMENT AGREEMENT ("Agreement") is made this _____ day of _____, 2017, by and between ORLANDO FAMILY PHYSICIANS, LLC, PREMIER HEALTH NETWORK, LLC, and Jorge L. Garcia (hereinafter "OFP" collectively), and DENISE WILLIAMS (hereinafter "Plaintiff").

WHEREAS, Plaintiff was employed by OFP from approximately February 10, 2016 through June 21, 2016; and

WHEREAS, Plaintiff instituted a lawsuit, case number 6:16-cv-1213-Orl-41TBS (United States District Court Middle District of Florida, Orlando Division); and

WHEREAS, OFP denies liability herein and any wrongdoing with respect to Plaintiff, her employment with OFP or the cessation thereof; and

WHEREAS, entry into this Agreement in no way reflects any change in OFP's position that it denies all liability and any wrongdoing with respect to Plaintiff and/or Plaintiff's employment with OFP; and

WHEREAS, Plaintiff has voluntarily agreed to dismiss with prejudice case number 6:16-cv-1213-Orl-41TBS (United States District Court Middle District of Florida, Orlando Division) against OFP by filing the Joint Stipulation for Voluntary Dismissal with Prejudice;

WHEREAS, Plaintiff and OFP wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

WHEREAS, Plaintiff affirms that as of the date she signs this Agreement, she is not Medicare eligible (i.e., is not 65 years of age or older; are not suffering from end stage renal failure; have not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes

1

any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this settlement, Plaintiff agrees to (i) indemnify, defend and hold OFP, including but not limited to its insurers, harmless from any action by CMS relating to medical expenses of Plaintiff, (ii) reasonably cooperate with OFP upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and any claim that the CMS may make and for which Plaintiff is required to indemnify OFP under this paragraph, and (iii) waive any and all future actions against OFP for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A);

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between Plaintiff and OFP that case number 6:16-cv-1213-Orl-41TBS (United States District Court Middle District of Florida, Orlando Division) is hereby resolved as follows:

1. **Recitals**: The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **Consideration**.

a. In consideration for the execution by Plaintiff of this Agreement and her compliance with the promises made herein, and following OFP's receipt of this Agreement, as executed by Plaintiff, OFP shall pay the sum of Thirteen Thousand Dollars and Zero Cents ($13,000.00) ("Settlement Sum") and deliver said Settlement Sum to the Law Offices of Don

McManus, P.L., within fourteen (14) days following Plaintiffs' execution of this Agreement, and to be allocated and delivered as follows:

DENISE WILLIAMS

OFP shall pay Denise Williams the sum of $8,000.00. Said payment shall be made as follows:

- $4,000.00 which amount shall be subject to deductions or withholding and for which an IRS W-2 form shall issue to Denise Williams;
- $4,000.00 for liquidated damages, made payable to Denise Williams, and for which an IRS 1099 shall issue Denise Williams;

LAW OFFICES OF DON MCMANUS, P.L.

- $5,000.00 to the Law Offices of Don McManus, P.L. (Tax I.D. 45-5327668) for attorneys' fees and costs which were agreed upon separately and without regard to the amounts paid to the Plaintiff.

b. Such Settlement Sum shall be paid in resolution of all wage and hour claims Plaintiff has, might have, or believes she has against OFP as of the date of this Agreement. Such Settlement Sum shall be inclusive of attorneys' fees and costs. Plaintiff understands and acknowledges that she would not receive the consideration specified in Paragraph 2 except for her execution of this Agreement and the fulfillment of the promises contained herein.

c. OFP makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal, state, or local taxes, if any, which are required by law to be paid by her with respect to this Settlement Sum. Moreover, Plaintiff agrees to indemnify OFP and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as a result of Plaintiff's non-payment of taxes on any amounts paid to Plaintiff or her attorney(s) on her behalf under the terms of this Agreement.

3

4824-4382-4972, v. 1

3. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agree that she would not receive the benefits specified in paragraph "2" above, except for her execution of this Agreement and the fulfillment of the promises contained herein. Plaintiff also agrees that the consideration specified in this Agreement is sufficient to support the promises contained herein.

4. **All Hours Worked During Employment.** Plaintiff knowingly, voluntarily and freely agrees and acknowledges that, upon receipt of the Settlement Amount, she will have been fully compensated for all hours worked during her employment with OFP.

5. **Opportunity to Review.** Plaintiff acknowledges that she is aware that she is giving up all claims she has or may have against OFP, its parents, predecessors, successors, subsidiaries, affiliates, and its directors, officers, shareholders, members, employees under the Fair Labor Standards Act -- including, but not limited to, agents, insurers and attorneys as of the date of this Agreement. Plaintiff acknowledges that she has been given the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that she has consulted an attorney prior to the execution of this Agreement and signs this Agreement knowingly, freely and voluntarily.

6. **Limited Release of Claims.** This Agreement shall constitute a waiver and release of any and all claims Plaintiff has, might have, or believe she has under the Fair Labor Standards Act (FLSA), as of the date of this Agreement, against OFP, its parents, predecessors, successors, independent contractors, subsidiaries, insurers, affiliates, and its directors, officers, shareholders, members, employees – including, but not limited to, agents, insurers and attorneys.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** Plaintiff agrees that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by OFP of any liability or unlawful conduct of any kind.

9. **Entire Agreement.** This Agreement, including any attached Exhibits, sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties regarding the subject matter of this agreement. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except for those set forth in this Agreement.

10. **Workplace Injury.** Plaintiff acknowledges that she did not suffer any workplace injuries, including, but not limited to, physical injuries, as of the date of this Agreement, that have not been fully resolved.

11. **Venue and Governing Law.** This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court Middle District of Florida, Orlando Division.

EXHIBIT "A"

12. **Attorneys' Fees.** In the event of litigation to enforce this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including also reasonable attorneys' fees and costs related to any appeal(s).

PLAINTIFF HAS BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT. PLAINTIFF HAS CONSULTED WITH AN ATTORNEY, PRIOR TO THE EXECUTION OF THIS AGREEMENT AND SIGNS THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: AUGUST 2, 2017.

_____
DENISE WILLIAMS

Dated: Aug 7, 2017.

ORLANDO FAMYLY PHYSICIANS, LLC
BY: _____
ITS: CEO

Dated: Aug 7, 2017.

PREMIER HEALTH NETWORK, LLC
BY: _____
ITS: CEO

Dated: Aug 7, 2017.

_____
JORGE L. GARCIA

6

4824-4382-4972, v. 1