UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DENISE WILLIAMS,

     Plaintiff,

v.                                                                                   Case No: 6:16-cv-1213-Orl-41TBS

ORLANDO FAMILY PHYSICIANS, LLC,
PREMIER HEALTH NETWORK, LLC.
and JORGE L. GARCIA,

     Defendants.

---

## REPORT AND RECOMMENDATION

Pending before the Court is a Joint Motion for Approval of Settlement and for Dismissal with Prejudice (Doc 38). Upon due consideration, I respectfully recommend that the motion be **GRANTED**, as set forth below.

## Background

Plaintiff filed a two count lawsuit against her alleged ex-employers, asserting a claim for unpaid overtime work under the Fair Labor Standards Act ("FLSA"), 29 U.S .C. § 201, *et seq.* (Count I) and for violation of the anti-retaliation provisions of the FLSA, 29 U.S.C. §215(a)(3) (Count II) (Doc. 1). Plaintiff alleges that she was employed by Defendants as an administrative assistant and was misclassified as an exempt employee (Doc. 1, ¶31). She claims that she worked for Defendants from February 10, 2016 until June 21, 2016 (Id., ¶¶17, 20) and worked in excess of forty hours within a work week, but Defendants failed to compensate her at the appropriate overtime rate. (Id., ¶¶ 21-22). She asserts that she is owed five thousand seven hundred thirty-nine dollars and eighty four cents ($5,739.84) in unpaid overtime compensation (Id., ¶23). Plaintiff further alleges that

she complained that Defendants were violating the FLSA by failing to pay overtime compensation and failure to withhold taxes or report taxable events, and "Defendants responded to Plaintiff's objection by retaliating against her and terminated her employment." (Id., ¶¶ 25-26). Defendants deny these claims and assert numerous affirmative defenses (Doc. 10).

Plaintiff filed her answers to the Court's interrogatories (Doc. 16) which are consistent with her allegations. Discovery ensued and, on August 8, 2017, the parties notified the Court that they had reached a settlement and filed the instant motion (Doc. 38).

## Discussion

The parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

The parties have settled this dispute by entering into a settlement agreement "of Plaintiff's FLSA claims." (Doc. 38 at 3). The parties have tendered their settlement agreement for review and approval (Doc. 38-1). According to the agreement, Plaintiff will receive $4,000 in wages, $4,000 in liquidated damages, and $5,000 in attorneys' fees and costs. The parties represent that this settlement is "a reasonable compromise of the disputed issues." (Doc. 38 at 3). On review, I agree.

The agreement recites that the settlement sum shall be paid in resolution of "all wage and hour claims Plaintiff has, might have, or believes she has against" Defendants, as of the date of the agreement (Doc. 38-1,¶2b). It is not clear if this is meant to include the retaliation claim. However, the agreement also includes a release of "any and all claims Plaintiff has, might have, or believe she has under the Fair Labor Standards Act …" (Id., ¶6). I interpret this as an intent to settle all claims under the FLSA, including Count II. Settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the district court, "provided its terms do not serve to contaminate the Agreement as to the FLSA claim." Yost v. Wyndham Vacation Resorts, Inc., No. 6:10-cv-1583-Orl-36GJK, 2012 WL 1165598, at *3 (Mar. 26, 2012), adopted, 2012 WL 1165468 (M.D. Fla. Apr.9, 2012); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-CV-1586-

ORL-36, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013). Assuming there is no other separate agreement concerning the retaliation claim that will erode the value of the overtime claim settlement, I find the amounts reached to be reasonable. Plaintiff pled unpaid overtime wages in an amount certain ($5,739.84) but the parties represent that they had a genuine dispute as to the number of hours worked and, after weighing the inherent risks of proceeding with litigation, reached a "reasonable middle ground" (Doc. 38 at 3). As the parties were all represented by counsel and there is no indication of overreaching, I see no reason to doubt that this compromised amount is reasonable under the circumstances.

Turning to the other portions of the agreement, the parties represent that the amount of attorneys' fees and costs was "agreed upon separately and without regard to the amounts paid to the Plaintiff." (Doc. 38-1 at 3). This comports with the requirements of Bonetti v. Embarq Management Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). I see no need to further review or question the parties' agreement as to these fees.

The sole remaining objection to approval of the settlement agreement is an overbroad release provision. The agreement provides:

> 5. Opportunity to Review. Plaintiff acknowledges that she is aware that she is giving up all claims she has or may have against **OFP, its parents, predecessors, successors, and subsidiaries, affiliates, and its directors, officers, shareholders, members, employees** under the Fair Labor Standards Act – **including, but not limited to, agents, insurers and attorneys** as of the date of this Agreement. …

> 6. Limited Release of Claims: This Agreement shall constitute a waiver and release of any and all claims Plaintiff has, might have, or believe she has under the Fair Labor Standards Act (FLSA), as of the date of this Agreement, against **OFP, its parents, predecessors, successors, independent contractors, subsidiaries, insurers, affiliates, and its directors, officers,**

> shareholders, members, employees – including, but not limited
> to, agents, insurers and attorneys.

(Doc. 38-1 at ¶¶5, 6, emphasis added). "A general release may not be used to release a

non-party." Lina Arguelles v. Noor Baig, Inc., Case No. 6:16-cv-2024-37TBS, Order dated

February 24, 2017 (Doc. 19 in that case). To the extent this release purports to include

unidentified and non-party releasees, it is not enforceable. While this might normally

require rejection of the agreement, the parties have included the following language:

> 7. Governing Law and Interpretation… Should any provision of
> this Agreement be declared illegal or unenforceable by any
> court of competent jurisdiction and cannot be modified to be
> enforceable, such provision shall immediately become null
> and void, leaving the remainder of this Agreement in full force
> and effect.

(Doc. 38-1, ¶7). As such, I recommend that the unenforceable release of non-

parties be deemed excluded from the agreement and, as modified, the settlement

agreement be approved.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.    The motion be **GRANTED**, and the parties' settlement agreement, including

the modified release language, be approved as a fair and reasonable compromise of a

bona fide FLSA dispute;

2.    This action be dismissed with prejudice; and

3.    The Court close the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

     **RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 10, 2017.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

     Presiding United States District Judge
     Counsel of Record
     Any Unrepresented Parties